UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RONALD JOHNSON, | ) | |
| | ) | 05 C 6545 |
| Plaintiff, | ) | |
| | ) | JUDGE NORDBERG |
| v. | ) | |
| | ) | Magistrate Judge Valdez |
| CITY OF CHICAGO, CHICAGO POLICE | ) | |
| OFFICER C. KATALINIC, CHICAGO POLICE | ) | |
| OFFICER R. McHALE, CHICAGO POLICE | ) | |
| OFFICER ARMOR (Star #6224) and UNKNOWN | ) | |
| CHICAGO POLICE OFFICERS, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT OFFICERS' ANSWERS TO PLAINTIFF'S FIRST AMENDED
COMPLAINT, THEIR 12(b)(6) DEFENSES, AFFIRMATIVE DEFENSES
AND JURY DEMAND**

Defendant Police Officers, Christopher Katalinic, Robert McHale, and Samuel Annor[1], ("Defendant Officers"), by one of their attorneys, Marcelle M. LeCompte, Assistant Corporation Counsel for the City of Chicago, for their answers to plaintiff's complaint, their defenses and jury demand, state as follows[2]:

**Introduction**

1. This action is brought under 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution. Plaintiff seeks damages against the City of Chicago, Chicago Police officers C. Katalinic, R. McHale, Armor (Star #6224) and as yet unknown police officers who unlawfully arrested him, unlawfully used force against him,

---

[1] Plaintiff has misspelled the name of the intended defendant as "Armor." The proper name of the defendant is Annor. This correction was provided to plaintiff by Defendants. Throughout their answers, Defendant Officers will refer to Officer Annor by the correct spelling of his name in answering the allegations against "Armor".

[2] Officers Katalinic, McHale and Annor answer for themselves only and not for any other unnamed or unknown officers.

unreasonably searched him and his home, unreasonably seized him, and failed to provide Plaintiff with medical attention for the injuries he sustained during the arrest.

**ANSWER**: **Defendant Officers admit plaintiff has brought this purported cause of action under 42 U.S.C. §1983 and that plaintiff is seeking damages against the City of Chicago, them and as yet unknown police officers. Defendant Officers deny that plaintiff has set forth a meritorious action and denies the remaining allegations contained in paragraph 1.**

### Jurisdiction and Venue

2. This Court has jurisdiction of the action under 28 U.S.C. § 1331. Venue is proper as Mr. Johnson is a resident of this judicial district and Defendant, City of Chicago, is a municipal corporation located here. Further, the events giving rise to the claims asserted here all occurred within this district.

**ANSWER:** **Defendant Officers admit that this Court has jurisdiction and venue is proper. Defendant Officers further admit that the City of Chicago is a municipal corporation located here. Defendant Officers, upon information and belief, admit that plaintiff is a resident of this judicial district. Defendant Officers admit that the events alleged by plaintiff allegedly occurred within this district. Defendant Officers deny the remaining allegations contained in paragraph 2.**

### Background

3. Mr. Johnson is 41 years old and lives in Flossmoor, Illinois. He received a college degree, in business, from Western Illinois University. He is employed by Webb Chevrolet as a salesman.

**ANSWER:** **Defendant Officers Katalinic and McHale, upon information and belief, admit that plaintiff attended Western Illinois University. Defendant Officers Katalinic and McHale are without information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 3. Defendant Officer Annor is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 3.**

4. On April 17, 2005, Mr. Johnson left his home, located at 7360 South Euclid, and walked to a nearby gas station. As he was returning to his home, walking on South Euclid, one of Defendant Officers jumped out of his car and asked Mr. Johnson to approach, which he did. The Officer asked Mr. Johnson if he had any identification.

**ANSWER:** **Defendant Officers Katalinic and McHale admit that, on April 17, 2005, they exited their car on Euclid and asked plaintiff to approach and asked plaintiff for his identification. Defendant Officers are without information sufficient to form a belief as to the truth as to whether plaintiff walked to a gas station. Defendant Officer Annor, upon information and belief, admits that on April 17, 2005, Officers Katalinic and McHale exited**

**their car on Euclid and asked plaintiff to approach and asked plaintiff for his identification. Defendant Officers deny the remaining allegations contained in paragraph 4.**

5. One Officer searched Mr. Johnson, who asked the Defendant Officers why they were stopping him, since he had done nothing wrong. The Officers refused to tell him but asked for his identification.

**ANSWER**: **Defendant Officers Katalinic and McHale admit plaintiff asked them why they were stopping him and admit they asked plaintiff for his identification. Officer Annor, upon information and belief, admits plaintiff asked Officers Katalinic and McHale why they were stopping him and asked plaintiff for his identification. Defendant Officers deny the remaining allegations contained in paragraph 5.**

6. One of Defendant Officers came from behind and pushed Mr. Johnson against his front door, tackles him to the ground and handcuffed him. More police officers appeared on the scene and began to ask Mr. Johnson what he did with "it." Mr. Johnson told the officers that he did not have anything.

**ANSWER**: **Defendant Officers Katalinic and McHale admit that eventually one of them was behind plaintiff and tackled him to the ground and handcuffed him. Officer Annor, upon information and belief, admits that eventually one of the Defendant Officers was behind plaintiff and tackled him to the ground and handcuffed him. Defendant Officers deny the remaining allegations contained in paragraph 6.**

7. As. Mr. Johnson was lying face down and handcuffed on the ground, the Defendant Officers began to kick him. They kicked him repeatedly in various parts of his body, including his head, face and arms. As the Defendant Officers walked around Mr. Johnson's yard, they also stepped on him repeatedly.

**ANSWER**: **Defendant Officers deny the allegations contained in paragraph 7.**

8. At one point, a Defendant Officer forced a twig into Plaintiff's mouth.

**ANSWER**: **Defendant Officers deny the allegations contained in paragraph 8.**

9. One Defendant Officer then placed Mr. Johnson in a choke-hold, which cut off Mr. Johnson's breathing. This Officer repeatedly called Mr. Johnson a "nigger." The Officer also used other racial slurs, and threatened to kill Mr. Johnson.

**ANSWER**: **Defendant Officers deny the allegations contained in paragraph 9.**

10. While Mr. Johnson continued to lie face down and handcuffed on the ground, some of the Defendant Officers entered his home.

**ANSWER**: **Defendant Officers deny the allegations contained in paragraph 10.**

11. The Officers finally drove Mr. Johnson to a nearby police station. Mr. Johnson told the Officers that he was in pain, and asked to be taken to a hospital. In response, an Officer threatened to take Mr. Johnson's identification and keep him in jail for two weeks as a "John Doe."

**ANSWER**: **Defendant Officers Katalinic and McHale admit they drove plaintiff to a nearby police station. Officers Katalinic and McHale admit that plaintiff told them he was in pain and eventually asked to be taken to a hospital. Officer Annor, upon information and belief, admits Defendant Officers Katalinic and McHale drove plaintiff to a nearby police station. Officer Annor, upon information and belief, admits that plaintiff told Officers Katalinic and McHale he was in pain and eventually asked to be taken to a hospital. Defendant Officers deny the remaining allegations contained in paragraph 11.**

12. Instead of being taken directly to a hospital, Mr. Johnson was then transferred to a Police Department lockup. At the lockup, other police officers allowed Mr. Johnson to go to the hospital. Mr. Johnson was driven to Roseland Hospital.

**ANSWER**: **Defendant Officers Katalinic and McHale admit that plaintiff was taken to Roseland Hospital. Officer Annor, upon information and belief, admits plaintiff was taken to Roseland Hospital. Defendant Officers deny the remaining allegations contained in paragraph 12.**

13. Mr. Johnson remained in custody for two days then placed under house arrest for two months while he awaited a court hearing.

**ANSWER**: **Defendant Officers are without information sufficient to form a belief as to the truth of the allegations contained in paragraph 13.**

14. As a result of his detention, Mr. Johnson lost his job.

**ANSWER: Defendant Officers are without information sufficient to form a belief as to the truth of the allegations contained in paragraph 14.**

15. All criminal charges were eventually disposed of in a manner indicative of Mr. Johnson's innocence.

**ANSWER**: **Defendant Officers deny the allegations contained in paragraph 15.**

## COUNT I - 42 U.S.C. § 1983:
### Excessive Force

16. Each Paragraph of this Complaint is incorporated herein.

**ANSWER**: Defendant Officers incorporate their answers to each correlating paragraph as the answer to the paragraphs referenced in paragraph 16.

17. Defendant Officers subjected Mr. Johnson to excessive force in violation of the Fourth Amendment, using objectively unreasonable force in the manner they abused him. Mr. Johnson was not resisting or evading arrest, was not threatening to harm Defendant Officers, was not attempting to flee, and was arrested without probable cause on a minor offense when he was abused.

**ANSWER:** Defendant Officers deny the allegations contained in paragraph 17.

18. This misconduct described in this Court was undertaken under the policy and practice of the Chicago Police Department in that:

    a. As a matter of both policy and practice, the Chicago Police Department directly encourages, and is thereby the moving force behind, the very type of misconduct at issue here by failing to adequately train, supervise and control its officers, such that its failure to do so manifests deliberate indifference;

    b. As a matter of both policy and practice, the Chicago Police Department facilitates the very type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Chicago Police officers to believe their actions will never be scrutinized and, in that way, directly encouraging future abuses such as those affecting Mr. Johnson; specifically, Chicago Police officers accused of excessive force can be confident that the Office of Professional Standards will not investigate those accusations in earnest and will refuse to recommend discipline even where the officer has engaged in excessive force;

    c. Generally, as a matter of widespread practice so prevalent as to comprise municipal policy, officers of the Chicago Police Department abuse citizens in a manner similar to that alleged by Mr. Johnson in this Count on a frequent basis, yet the Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases;

    d. Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department, by which officers fail to report misconduct committed by other officers, such as the misconduct at issue in this case;

    e. The City of Chicago has failed to act to remedy the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here;

    f. As a matter of express policy, the City of Chicago does not retain any records which are more than five years old documenting allegations of excessive force against police officers, thereby preventing the City from ascertaining any patterns of abuse which might develop over the course of a police officer's career;

    g. As a matter of express policy, the City of Chicago refuses to take into consideration patters of allegations of civil rights violations when evaluating the merits of any particular complaint. In other words, if a police officer is accused of the same sort of misconduct twenty times in row, (sic) the Office of Professional Standards ("O.P.S.") is forbidden by the City from considering those allegations if they are deemed unsustained; and

    h. the problem with the policy identified in the preceding paragraph is that by its own accounting, the City sustains less than 5% of the complaints brought against police officers for violations of civil rights.

**ANSWER: Defendant Officers deny engaging in the complained of conduct and deny each and every remaining allegation contained in paragraph 18 and each of its subparts.**

  19. As a result of this misconduct, Mr. Johnson suffered physical and emotional injuries, lost wages, and other damages.

**ANSWER: Defendant Officers deny engaging in the complained of conduct and deny the remaining allegations contained in paragraph 19.**

  20. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Mr. Johnson's constitutional rights.

**ANSWER: Defendant Officers deny engaging in the complained of conduct and deny the remaining allegations contained in paragraph 20.**

  21. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

**ANSWER: Defendant Officers deny engaging in the complained of conduct and deny the remaining allegations contained in paragraph 21.**

  22. The misconduct described in this Count was undertaken by Defendant Officers within the scope of their employment such that their employer, CITY OF CHICAGO, is liable for their actions.

**ANSWER: Defendant Officers admit that they are employed by the City of Chicago and that, at all relevant times, they were acting within the scope of their employment. Defendant Officers deny engaging in the complained of conduct and deny the remaining allegations contained in paragraph 22**.

  **WHEREFORE, the Defendant Officers request that this Court grant judgment in their favor and against plaintiff as to Count I and award costs and fees and other relief as is deemed just and proper by this Court.**

## COUNT II - 42 U.S.C. § 1983:
## False Arrest/Unlawful Detention

23. Each Paragraph of this Complaint is incorporated herein.

**ANSWER**: **Defendant Officers incorporate their answers to each correlating paragraph as the answer to the paragraphs referenced in paragraph 23.**

24. As described above, Defendant Officers falsely arrested and unlawfully detained Mr. Johnson without justification and without probable cause.

**ANSWER:** **Defendant Officers deny engaging in the complained of conduct and deny the remaining allegations contained in paragraph 24.**

25. As a result of this misconduct, Mr. Johnson suffered physical and emotional injuries, lost wages, and other damages.

**ANSWER:** **Defendant Officers deny engaging in the complained of conduct and deny the remaining allegations contained in paragraph 25.**

26. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Mr. Johnson's constitutional rights.

**ANSWER:** **Defendant Officers deny engaging in the complained of conduct and deny the remaining allegations contained in paragraph 26.**

27. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

**ANSWER:** **Defendant Officers deny engaging in the complained of conduct and deny the remaining allegations contained in paragraph 27.**

28. The misconduct described in this Count was undertaken by Defendant Officers within the scope of their employment such that their employer, CITY OF CHICAGO, is liable for their actions.

**ANSWER:** **Defendant Officers admit that they are employed by the City of Chicago and that, at all relevant times, they were acting within the scope of their employment. Defendant Officers deny engaging in the complained of conduct and deny the remaining allegations contained in paragraph 28**.

29. The misconduct was undertaken under the policy and practice of the Chicago Police Department in the manner described above.

**ANSWER:** **Defendant Officers deny engaging in the complained of conduct and deny the remaining allegations contained in paragraph 29.**

**WHEREFORE, the Defendant Officers request that this Court grant judgment in their favor and against plaintiff as to Count II and award costs and fees and other relief as is deemed just and proper by this Court.**

### COUNT III - 42 U.S.C. § 1983:
### Unreasonable Search and Seizure

30. Each Paragraph of this Complaint is incorporated herein.

**ANSWER**: **Defendant Officers incorporate their answers to each correlating paragraph as the answer to the paragraphs referenced in paragraph 30.**

31. As described above, Defendant Officers conducted an unconstitutional search and seizure.

**ANSWER:** **Defendant Officers deny engaging in the complained of conduct and deny the remaining allegations contained in paragraph 31.**

32. More specifically Defendant Officers stopped and searched Mr. Johnson for no purpose and with no lawful justification. In addition, on information and belief, the Defendant Officers had neither a warrant nor consent to search Mr. Johnson's home, and they conducted the search for no purpose and with no lawful justification.

**ANSWER:** **Defendant Officers admit they did not have a search warrant or consent to search plaintiff's home. Defendant Officers deny engaging in the complained of conduct and deny the remaining allegations contained in paragraph 32.**

33. As a result of this misconduct, Mr. Johnson suffered physical and emotional injuries, lost wages, and other damages.

**ANSWER:** **Defendant Officers deny engaging in the complained of conduct and deny the remaining allegations contained in paragraph 33.**

34. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Mr. Johnson's constitutional rights.

**ANSWER:** **Defendant Officers deny engaging in the complained of conduct and deny the remaining allegations contained in paragraph 34.**

35. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

**ANSWER:** **Defendant Officers deny engaging in the complained of conduct and deny the remaining allegations contained in paragraph 35.**

36. The misconduct described in this Count was undertaken by Defendant Officers within the scope of their employment such that their employer, CITY OF CHICAGO, is liable for their actions.

**ANSWER:** **Defendant Officers admit that they are employed by the City of Chicago and that, at all relevant times, they were acting within the scope of their employment. Defendant Officers deny engaging in the complained of conduct and deny the remaining allegations contained in paragraph 36**.

37. The misconduct described in this Count was undertaken under the policy and practice of the Chicago Police Department in the manner described above.

**ANSWER:** **Defendant Officers deny engaging in the complained of conduct and deny the remaining allegations contained in paragraph 37.**

**WHEREFORE, the Defendant Officers request that this Court grant judgment in their favor and against plaintiff as to Count III and award costs and fees and other relief as is deemed just and proper by this Court.**

### COUNT IV - State Law Claim:
### False Imprisonment

38. Each Paragraph of this Complaint is incorporated herein.

**ANSWER**: **Defendant Officers incorporate their answers to each correlating paragraph as the answer to the paragraphs referenced in paragraph 38.**

39. Mr. Johnson was arrested and imprisoned, and thereby had his liberty to move about unlawfully restrained, despite Defendant Officers' knowledge that there was no probable cause for doing so.

**ANSWER:** **Defendant Officers admit that plaintiff was arrested and imprisoned. Defendant Officers deny the remaining allegations contained in paragraph 39.**

40. Defendant Officers' actions set forth above were undertaken intentionally, with malice and reckless indifference to Mr. Johnson's rights.

**ANSWER:** **Defendant Officers deny engaging in the complained of conduct and deny the remaining allegations contained in paragraph 40.**

41. As a result of the above-described wrongful infringement of Mr. Johnson's rights,

he suffered damages, including but not limited to mental distress and anguish and loss of income.

**ANSWER:** **Defendant Officers deny engaging in the complained of conduct and deny the remaining allegations contained in paragraph 41.**

42. The misconduct described in this Count was undertaken by Defendant Officers within the scope of their employment such that their employer, CITY OF CHICAGO, is liable for their actions.

**ANSWER:** **Defendant Officers admit that they are employed by the City of Chicago and that, at all relevant times, they were acting within the scope of their employment. Defendant Officers deny engaging in the complained of conduct and deny the remaining allegations contained in paragraph 42**.

**WHEREFORE, the Defendant Officers request that this Court grant judgment in their favor and against plaintiff as to Count IV and award costs and fees and other relief as is deemed just and proper by this Court.**

## COUNT V - State Law Claim:
## Assault and Battery

43. Each Paragraph of this Complaint is incorporated herein.

**ANSWER**: **Defendant Officers incorporate their answers to each correlating paragraph as the answer to the paragraphs referenced in paragraph 43.**

44. As described in the preceding paragraphs, the conduct of the Defendant Officers, acting under color of law and within the scope of their employment, constituted unjustified and offensive physical contact, undertaken willfully and wantonly, proximately causing Mr. Johnson's bodily injuries.

**ANSWER:** **Defendant Officers admit that, at all relevant times, they were acting within the scope of their employment and under color of law. Defendant Officers deny the remaining allegations contained in paragraph 44**.

45. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Mr. Johnson's constitutional rights.

**ANSWER:** **Defendant Officers deny the allegations contained in paragraph 45.**

46. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

**ANSWER:** **Defendant Officers deny the allegations contained in paragraph 46.**

47. As a result of the offensive touching, Plaintiff sustained bodily injuries, including but not limited to a reasonable apprehension of great bodily harm.

**ANSWER:** **Defendant Officers deny the allegations contained in paragraph 47.**

48. The misconduct described in this Count was undertaken by Defendant Officers within the scope of their employment such that the employer, CITY OF CHICAGO, is liable for their actions.

**ANSWER:** **Defendant Officers admit that they are employed by the City of Chicago and that, at all relevant times, they were acting within the scope of their employment. Defendant Officers deny engaging in the complained of conduct and deny the remaining allegations contained in paragraph 48**.

**WHEREFORE, the Defendant Officers request that this Court grant judgment in their favor and against plaintiff as to Count V and award costs and fees and other relief as is deemed just and proper by this Court.**

## COUNT VI - State Law Claim:
## Malicious Prosecution

49. Each Paragraph of this Complaint is incorporated herein.

**ANSWER**: **Defendant Officers incorporate their answers to each correlating paragraph as the answer to the paragraphs referenced in paragraph 49.**

50. Mr. Johnson was improperly subjected to judicial proceedings for which there was no probable cause. These judicial proceedings were instituted and continued maliciously, resulting in injury, and all such proceedings were terminated in Plaintiff's favor in a manner indicative of innocence.

**ANSWER:** **Defendant Officers deny the allegations contained in paragraph 50.**

51. Defendant Officers accused Mr. Johnson of criminal activity knowing those accusations to be without probable cause, and they made written and other statements with the intent of exerting influence to institute and continue judicial proceedings.

**ANSWER:** **Defendant Officers deny the allegations contained in paragraph 51.**

52. Statements of Defendant Officers about Mr. Johnson's alleged culpability were made with knowledge that the statements were false. In so doing, they fabricated evidence and withheld exculpatory information.

**ANSWER:** **Defendant Officers deny engaging in the complained of conduct and deny the remaining allegations contained in paragraph 52.**

53. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

**ANSWER:** **Defendant Officers deny engaging in the complained of conduct and deny the remaining allegations contained in paragraph 53.**

54. As a result of the above-described wrongful infringement of Mr. Johnson's rights, he has suffered financial and other damages, including but not limited to substantial mental stress and anguish and loss of income.

**ANSWER:** **Defendant Officers deny engaging in the complained of conduct and deny the remaining allegations contained in paragraph 54.**

55. The misconduct described in this Count was undertaken by Defendant Officers within the scope of their employment such that the employer, CITY OF CHICAGO, is liable for their actions.

**ANSWER:** **Defendant Officers admit that they are employed by the City of Chicago and that, at all relevant times, they were acting within the scope of their employment. Defendant Officers deny engaging in the complained of conduct and deny the remaining allegations contained in paragraph 55**.

**WHEREFORE, the Defendant Officers request that this Court grant judgment in their favor and against plaintiff as to Count VI and award costs and fees and other relief as is deemed just and proper by this Court.**

## COUNT VII - State Law Claim
## Illinois Hate Crime Act, 720 ILCS 5/12-7.1

56. Each Paragraph of this Complaint is incorporated herein.

**ANSWER**: **Defendant Officers incorporate their answers to each correlating paragraph as the answer to the paragraphs referenced in paragraph 56.**

57. In the manner described more fully above, the Defendant Officers did commit an assault and battery on Plaintiff by reason of his race, thereby committing a hate crime as defined by Illinois statute.

**ANSWER:** **Defendant Officers deny engaging in the complained of conduct and deny the remaining allegations contained in paragraph 57.**

58. As a proximate result of Defendants' hate crime, Plaintiff suffered damages, including but not limited to emotional distress.

**ANSWER:  Defendant Officers deny engaging in the complained of conduct and deny the remaining allegations contained in paragraph 58.**

59. The misconduct alleged herein was within the scope of the Defendant Officers' employment.

**ANSWER:  Defendant Officers admit that, at all relevant times, they were acting within the scope of their employment.  Defendant Officers deny engaging in the complained of conduct and deny the remaining allegations contained in paragraph 59**.

60. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

**ANSWER:  Defendant Officers deny engaging in the complained of conduct and deny the remaining allegations contained in paragraph 60.**

**WHEREFORE, the Defendant Officers request that this Court grant judgment in their favor and against plaintiff as to Count VII and award costs and fees and other relief as is deemed just and proper by this Court.**

### COUNT VIII - State Law Claim:
### *Respondeat Superior*

61. Each Paragraph of this Complaint is incorporated herein.

**ANSWER**:  **Defendant Officers incorporate their answers to each correlating paragraph as the answer to the paragraphs referenced in paragraph 61.**

62. In committing the acts alleged in the preceding paragraphs, Defendant Officers were members and agents of the Chicago Police Department, acting at all relevant times within the scope of their employment.

**ANSWER:  Defendant Officers admit that, at all relevant times, they were members of the Chicago Police Department acting within the scope of their employment. Defendant Officers are without knowledge or information sufficient to form a belief as to what plaintiff means by "agents."  Defendant Officers deny engaging in the complained of conduct and deny the remaining allegations contained in paragraph 62**.

63. Defendant City of Chicago is liable as the principal for all torts committed by its agents.

**ANSWER:** Defendant Officers, upon information a belief, denies plaintiff has correctly or completely stated the law regarding City liability for torts committed by its agents. Defendant Officers are without information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 63.

**WHEREFORE,** the Defendant Officers request that this Court grant judgment in their favor and against plaintiff as to Count VIII and award costs and fees and other relief as is deemed just and proper by this Court.

### COUNT IX - State Law Claim
### Indemnification

64. Each Paragraph of this Complaint is incorporated herein.

**ANSWER**: Defendant Officers incorporate their answers to each correlating paragraph as the answer to the paragraphs referenced in paragraph 64.

65. In Illinois, public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities. 735 ILCS 10/9-102.

**ANSWER**: Defendant Officers, upon information a belief, denies plaintiff has correctly or completely stated the law regarding City liability for torts committed by its agents. Defendant Officers are without information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 65.

66. Defendant Officers are or were employees of the City of Chicago, and acted within the scope of their employment in committing the misconduct described herein.

**ANSWER**: Defendant Officers admit that they are employed by the City of Chicago and that, at all relevant times, they were acting within the scope of their employment. Defendant Officers deny engaging in the complained of conduct and deny the remaining allegations contained in paragraph 66.

**WHEREFORE,** the Defendant Officers request that this Court grant judgment in their favor and against plaintiff as to Count IX and award costs and fees and other relief as is deemed just and proper by this Court.

### JURY DEMAND

Defendant Officers respectfully request trial by jury.

**12(B)(6) DEFENSES**

       1.      An award of punitive damages would deprive Defendant Officers due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution where:

               a.      liability for punitive damages has not been proven beyond a reasonable doubt, or at least by clear and convincing evidence;

               b.      the award of punitive damages is disproportionate to actual damages.

       2.      Count VII of plaintiff's complaint fails to state a claim upon which relief may be granted.

**AFFIRMATIVE DEFENSES**

       1.      Defendant Officers are government officials who perform discretionary functions. At all times material to the events alleged in plaintiff's complaint, a reasonable police officer viewing the facts and circumstances that confronted Defendant Officers, could have believed their actions to be lawful, in light of clearly established law and the information that Defendant Officers possessed at the time. Defendant Officers, therefore, are entitled to qualified immunity as a matter of law.

       2.      Defendant Officers were working as police officers in the execution or enforcement of the law at all relevant times. Plaintiff cannot establish that Defendant Officers acted or failed to act wilfully and wantonly. Therefore, as to all claims, under the Illinois Tort Immunity Act, Defendant Officers are not liable for any of the claims alleged because a public employee is not liable for his or her acts or omissions in the execution or enforcement of any law, unless such acts or omissions constitute wilful and wanton conduct. 745 ILCS 10/2-202.

       3.      As to all state law counts, under the Illinois Tort Immunity Act, Defendant Officers are not liable for injuries arising out of their exercise of discretionary acts. 745 ILCS 10/2-201.

       4.      That any injuries or damages claimed by plaintiff against Defendant Officers were caused, in whole or in part, by negligent, wilful and wanton and intentional conduct of the plaintiff. Even if Defendant Officers were liable in damages, the total amount of damages to which plaintiff would otherwise be entitled must be reduced by application of principles of comparative fault in proportion to the amount of the negligent, wilful and wanton and intentional conduct of plaintiff which was the proximate cause the his injuries.

       5.      Defendant Officers are not liable for any of plaintiff's alleged claims because they were public employees acting within the scope of their employment and as such are not liable for any injury caused by the act or omission of another person. 745 ILCS 10/2-204.

       6.      Defendant Officers, under Illinois Tort immunity law, are not liable for injury

allegedly caused by instituting or prosecuting any judicial or administrative proceeding within the scope of their employment, unless they acted maliciously and without probable cause. 745 ILCS 10/2-208.

7. Defendant Officers are not liable for any of plaintiff's alleged claims because, as public employees acting within the scope of their employment, they are not liable for any injury caused by entry upon any property where such entry is expressly or impliedly authorized by law. 745 ILCS 10/2-209.

8. Defendant Officers were justified in the use of force against plaintiff because they reasonably believed that such force was necessary to effect the arrest and/or they reasonably believed that such force was necessary to defend themselves or others from bodily harm while making the arrest. 720 ILCS 5/7-5.

9. Defendant Officers were justified in the use of force against plaintiff because they reasonably believed that such force was necessary to avoid a public or private injury greater than the injury which might reasonably result from their own conduct and they were without blame in occasioning or developing the situation. 745 ILCS 5/7-13.

             Respectfully submitted,

             /s/ Marcelle M. LeCompte
             MARCELLE M. LeCOMPTE
             Assistant Corporation Counsel

Suite 1400
30 North LaSalle Street
Chicago, Illinois 60602
(312) 744-3283
Attorney No. 06225428