IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| RONALD JOHNSON, ) | |
| ) | |
| Plaintiff, ) | 05 C 6545 |
| ) | |
| v. ) | Judge Nordberg |
| ) | |
| CITY OF CHICAGO, CHICAGO POLICE ) | Magistrate Judge Valdez |
| OFFICERS CHRISTOPHER KATALINIC, ) | |
| ROBERT MCHALE, LOUIS GARCIA, CRAIG ) | |
| BROWNFIELD, CURTIS HINKLE, ) | |
| SHAUN WILLIAMS, NICHOLAS WHITE, ) | |
| JIM WALSH, and UNKNOWN CHICAGO ) | |
| POLICE OFFICERS, ) | |
| ) | |
| Defendants. ) | JURY TRIAL DEMANDED |

## SECOND AMENDED COMPLAINT

Plaintiff, RONALD JOHNSON, through his attorneys, LOEVY & LOEVY, complains of Defendants, CITY OF CHICAGO, CHICAGO POLICE OFFICERS CHRISTOPHER KATALINIC, ROBERT MCHALE, LOUIS GARCIA, CRAIG BROWNFIELD, CURTIS HINKLE, SHAUN WILLIAMS, NICHOLAS WHITE, JIM WALSH, and UNKNOWN CHICAGO POLICE OFFICERS (collectively, the "Defendant Officers") as follows:

### Introduction

1. This action is brought under 42 U.S.C. §1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution. Plaintiff seeks damages against the City of Chicago, Chicago police officers Christopher Katalinic, Robert McHale, Louis Garcia, Craig Brownfield, Curtis Hinkle, Shaun Williams, Nicholas White, Jim Walsh, and as yet unknown police officers who unlawfully arrested him, unlawfully used force against him,

unreasonably searched him and his home, unreasonably seized him, and failed to provide Plaintiff with medical attention for the injuries he sustained during the arrest.

### Jurisdiction and Venue

2. This Court has jurisdiction of the action under 28 U.S.C. § 1331. Venue is proper as Mr. Johnson is a resident of this judicial district and Defendant, City of Chicago, is a municipal corporation located here. Further, the events giving rise to the claims asserted here all occurred within this district.

### Background

3. Mr. Johnson is 41 years old and lives in Flossmoor, Illinois. He received a college degree, in business, from Western Illinois University. He is employed by Webb Chevrolet as a salesman.

4. On April 17, 2005, Mr. Johnson left his home, located at 7360 South Euclid, and walked to a nearby gas station. As he was returning to his home, walking on South Euclid, one of Defendant Officers jumped out of his car and asked Mr. Johnson to approach, which he did. The Officer asked Mr. Johnson if he had any identification.

5. One Officer searched Mr. Johnson, who asked the Defendant Officers why they were stopping him, since he had done nothing wrong. The Officers refused to tell him but asked for his identification.

6. One of Defendant Officers came from behind and pushed Mr. Johnson against his front door, tackled him to the ground and handcuffed him. More police officers appeared on the scene and began to ask Mr. Johnson what he did with "it." Mr. Johnson told the officers that he did not have anything.

7. As Mr. Johnson was lying face down and handcuffed on the ground, the Defendant Officers began to kick him. They kicked him repeatedly in various parts of his body, including his head, face and arms. As the Defendant Officers walked around Mr. Johnson's yard, they also stepped on him repeatedly.

8. At one point, a Defendant Officer forced a twig into Plaintiff's mouth.

9. One Defendant Officer then placed Mr. Johnson in a choke-hold, which cut off Mr. Johnson's breathing. This Officer repeatedly called Mr. Johnson a "nigger." The Officer also used other racial slurs, and threatened to kill Mr. Johnson.

10. While Mr. Johnson continued to lie face down and handcuffed on the ground, some of the Defendant Officers entered his home.

11. The Officers finally drove Mr. Johnson to a nearby police station. Mr. Johnson told the Officers that he was in pain, and asked to be taken to a hospital. In response, an Officer threatened to take Mr. Johnson's identification and keep him in jail for two weeks as a "John Doe."

12. Instead of being taken directly to a hospital, Mr. Johnson was then transferred to a Police Department lockup. At the lockup, other police officers allowed Mr. Johnson to go to the hospital Mr. Johnson was driven to Roseland Hospital.

13. Mr. Johnson remained in custody for two days then placed under house arrest for two months while he awaited a court hearing.

14. As a result of his detention, Mr. Johnson lost his job.

15. All criminal charges were eventually disposed of in a manner indicative of Mr. Johnson's innocence.

3

## Count I - 42 U.S.C. § 1983:
### Excessive Force

16. Each Paragraph of this Complaint is incorporated herein.

17. Defendant Officers subjected Mr. Johnson to excessive force in violation of the Fourth Amendment, using objectively unreasonable force in the manner they abused him. Mr. Johnson was not resisting or evading arrest, was not threatening to harm Defendant Officers, was not attempting to flee, and was arrested without probable cause on a minor offense when he was abused.

18. The misconduct described in this Count was undertaken under the policy and practice of the Chicago Police Department in that:

    a. As a matter of both policy and practice, the Chicago Police Department directly encourages, and is thereby the moving force behind, the very type of misconduct at issue here by failing to adequately train, supervise and control its officers, such that its failure to do so manifests deliberate indifference;

    b. As a matter of both policy and practice, the Chicago Police Department facilitates the very type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Chicago Police officers to believe their actions will never be scrutinized and, in that way, directly encouraging future abuses such as those affecting Mr. Johnson; specifically, Chicago Police officers accused of excessive force can be confident that the Office of Professional Standards will not investigate those accusations in earnest and will refuse to recommend discipline even where the officer has engaged in excessive force;

4

c. Generally, as a matter of widespread practice so prevalent as to comprise municipal policy, officers of the Chicago Police Department abuse citizens in a manner similar to that alleged by Mr. Johnson in this Count on a frequent basis, yet the Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases;

d. Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department, by which officers fail to report misconduct committed by other officers, such as the misconduct at issue in this case;

e. The City of Chicago has failed to act to remedy the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here;

f. As a matter of express policy, the City of Chicago does not retain any records which are more than five years old documenting allegations of excessive force against police officers, thereby preventing the City from ascertaining any patterns of abuse which might develop over the course of a police officer's career;

g. As a matter of express policy, the City of Chicago refuses to take into consideration patterns of allegations of civil rights violations when evaluating the merits of any particular complaint. In other words, if a police officer is accused of the same sort of misconduct twenty times in row, the Office of Professional Standards ("O.P.S.") is forbidden by the City from considering those allegations if they are deemed unsustained; and

h. The problem with the policy identified in the preceding paragraph is that by its own accounting, the City sustains less than 5% of the complaints brought against police officers for violations of civil rights.

19. As a result of this misconduct, Mr. Johnson suffered physical and emotional injuries, lost wages, and other damages.

20. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Mr. Johnson's constitutional rights.

21. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

22. The misconduct described in this Count was undertaken by Defendant Officers within the scope of their employment such that their employer, CITY OF CHICAGO, is liable for the actions.

### Count II – 42 U.S.C. § 1983:
### False Arrest/Unlawful Detention

23. Each Paragraph of this Complaint is incorporated herein.

24. As described above, Defendant Officers falsely arrested and unlawfully detained Mr. Johnson without justification and without probable cause.

25. As a result of this misconduct, Mr. Johnson suffered physical and emotional injuries, lost wages, and other damages.

26. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Mr. Johnson's constitutional rights.

27. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

28. The misconduct described in this Count was undertaken by Defendant Officers within the scope of their employment such that their employer, CITY OF CHICAGO, is liable for

the actions.

29. The misconduct was undertaken under the policy and practice of the Chicago Police Department in the manner described above.

### Count III – 42 U.S.C. § 1983:
### Unreasonable Search and Seizure

30. Each Paragraph of this Complaint is incorporated herein.

31. As described above, Defendant Officers conducted an unconstitutional search and seizure.

32. More specifically Defendant Officers stopped and searched Mr. Johnson for no purpose and with no lawful justification. In addition, on information and belief, the Defendant Officers had neither a warrant nor consent to search Mr. Johnson's home, and they conducted the search for no purpose and with no lawful justification.

33. As a result of this misconduct, Mr. Johnson suffered physical and emotional injuries, lost wages, and other damages.

34. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Mr. Johnson's constitutional rights.

35. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

36. The misconduct described in this Count was undertaken by Defendant Officers within the scope of their employment such that their employer, CITY OF CHICAGO, is liable for the actions.

7

37. The misconduct described in this Count was undertaken under the policy and practice of the Chicago Police Department in the manner described above.

### Count IV – State Law Claim:
### False Imprisonment

38. Each Paragraph of this Complaint is incorporated herein.

39. Mr. Johnson was arrested and imprisoned, and thereby had his liberty to move about unlawfully restrained, despite Defendant Officers' knowledge that there was no probable cause for doing so.

40. Defendant Officers' actions set forth above were undertaken intentionally, with malice and reckless indifference to Mr. Johnson's rights.

41. As a result of the above-described wrongful infringement of Mr. Johnson's rights, he suffered damages, including but not limited to mental distress and anguish and loss of income.

42. The misconduct described in this Count was undertaken by Defendant Officers within the scope of their employment such that their employer, CITY OF CHICAGO, is liable for the actions.

### Count V - State Law Claim:
### Assault and Battery

43. Each Paragraph of this Complaint is incorporated herein.

44. As described in the preceding paragraphs, the conduct of Defendant Officers, acting under color of law and within the scope of their employment, constituted unjustified and offensive physical contact, undertaken willfully and wantonly, proximately causing Mr. Johnson's bodily injuries.

45. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Mr. Johnson's constitutional rights.

46. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

47. As a result of the offensive touching, Plaintiff sustained bodily injuries, including but not limited to a reasonable apprehension of great bodily harm.

48. The misconduct described in this Count was undertaken by Defendant Officers within the scope of their employment such that the employer, CITY OF CHICAGO, is liable for the actions.

### Count VI – State Law Claim:
### Malicious Prosecution

49. Each Paragraph of this Complaint is incorporated herein.

50. Mr. Johnson was improperly subjected to judicial proceedings for which there was no probable cause. These judicial proceedings were instituted and continued maliciously, resulting in injury, and all such proceedings were terminated in Plaintiff's favor in a manner indicative of innocence.

51. Defendant Officers accused Mr. Johnson of criminal activity knowing those accusations to be without probable cause, and they made written and other statements with the intent of exerting influence to institute and continue judicial proceedings.

52. Statements of Defendant Officers about Mr. Johnson's alleged culpability were made with knowledge that the statements were false. In so doing, they fabricated evidence and withheld exculpatory information.

53. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

54. As a result of the above-described wrongful infringement of Mr. Johnson's rights, he has suffered financial and other damages, including but not limited to substantial mental stress and anguish and loss of income.

55. The misconduct described in this Count was undertaken by Defendant Officers within the scope of their employment such that the employer, CITY OF CHICAGO, is liable for the actions.

### Count VII - State Law Claim
### Illinois Hate Crime Act, 720 ILCS 5/12-7.1

56. Each Paragraph of this Complaint is incorporated herein.

57. In the manner described more fully above, the Defendant Officers did commit an assault and battery on Plaintiff by reason of his race, thereby committing a hate crime as defined by Illinois statute.

58. As a proximate result of Defendants' hate crime, Plaintiff suffered damages, including but not limited to emotional distress.

59. The misconduct alleged herein was within the scope of the Defendant Officers' employment.

60. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

### Count VIII – State Law Claim:
### *Respondeat Superior*

61. Each Paragraph of this Complaint is incorporated herein.

62. In committing the acts alleged in the preceding paragraphs, Defendant Officers were members and agents of the Chicago Police Department, acting at all relevant times within the scope of their employment.

63. Defendant City of Chicago is liable as the principal for all torts committed by its agents.

### Count IX – State Law Claim: Indemnification

64. Each Paragraph of this Complaint is incorporated herein.

65. In Illinois, public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities. 735 ILCS 10/9-102.

66. Defendant Officers are or were employees of the City of Chicago, and acted within the scope of their employment in committing the misconduct described herein.

### Request for Relief

Plaintiff, Ronald Johnson, respectfully requests that the Court:

A. enter judgment in his favor and against Defendants, CITY OF CHICAGO, CHICAGO POLICE OFFICERS CHRISTOPHER KATALINIC, ROBERT MCHALE, LOUIS GARCIA, CRAIG BROWNFIELD, CURTIS HINKLE, SHAUN WILLIAMS, NICHOLAS WHITE, JIM WALSH, and UNKNOWN CHICAGO POLICE OFFICERS;

B. award compensatory damages against Defendants, CITY OF CHICAGO, CHICAGO POLICE OFFICERS CHRISTOPHER KATALINIC, ROBERT MCHALE, LOUIS GARCIA, CRAIG BROWNFIELD, CURTIS HINKLE, SHAUN WILLIAMS, NICHOLAS WHITE, JIM WALSH, and UNKNOWN CHICAGO POLICE OFFICERS;

C.     award attorneys' fees against Defendants, CITY OF CHICAGO, CHICAGO POLICE OFFICERS CHRISTOPHER KATALINIC, ROBERT MCHALE, LOUIS GARCIA, CRAIG BROWNFIELD, CURTIS HINKLE, SHAUN WILLIAMS, NICHOLAS WHITE, JIM WALSH, and UNKNOWN CHICAGO POLICE OFFICERS;

D.     award punitive damages against Defendants CITY OF CHICAGO, CHICAGO POLICE OFFICERS CHRISTOPHER KATALINIC, ROBERT MCHALE, LOUIS GARCIA, CRAIG BROWNFIELD, CURTIS HINKLE, SHAUN WILLIAMS, NICHOLAS WHITE, JIM WALSH, and UNKNOWN CHICAGO POLICE OFFICERS in their individual capacities; and

E.     grant any other relief this Court deems just and appropriate.

## Jury Demand

Plaintiff, Ronald Johnson, demands a trial by jury under Federal Rule of Civil Procedure 38(b) on all issues so triable.

RESPECTFULLY SUBMITTED,

/S/ Samantha Liskow
Attorneys for Plaintiff

Arthur Loevy
Jon Loevy
Mark Reyes
Samantha Liskow
LOEVY & LOEVY
312 North May Street, Ste. 100
Chicago, IL 60607
(312) 243-5900

12