# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| RONALD JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | No. 05 C 6545 |
| | ) | |
| v. | ) | Honorable John A. Nordberg |
| | ) | |
| CITY OF CHICAGO, CHICAGO POLICE | ) | Magistrate Judge Maria Valdez |
| OFFICER C. KATALINIC, CHICAGO | ) | |
| POLICE OFFICER R. MCHALE, CHICAGO | ) | |
| POLICE OFFICER ANNOR (STAR #6224) and | ) | |
| UNKNOWN POLICE OFFICERS, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | JURY TRIAL DEMANDED |

## MEMORANDUM OPINION AND ORDER

Plaintiff Ronald Johnson ("Plaintiff") brings this action under 42 U.S.C. § 1983 against the City of Chicago and individual police officers (collectively, the "Defendants") for the alleged deprivation of his Fourth Amendment rights. Specifically, Plaintiff asserts he suffered physical, verbal, and racial abuse at the hands of the individual police officers. Presently before this Court is Plaintiff's Motion to Compel [Doc. No. 45] and Defendants' Joint Motion for Entry of a Protective Order [Doc. No. 54]. For the reasons set forth below, Plaintiff's motion is DENIED as moot, and Defendants' motion is GRANTED.

## I. BACKGROUND

During the course of this litigation, Plaintiff has served Defendants with written discovery requests calling for the production of Complaint Register files ("CR files")[1]

---

[1] "When a complaint is made against a police officer, the City prepares a file into which it places the various papers pertaining to the investigation and disposition of the complaint. Such a file is referred to as a complaint register file." *Acuna v. Rudzinksi*, 2001 WL 1467529 (N.D.Ill. November 16, 2001).

"documenting the Chicago Police Department's investigation into Plaintiff's complaints against defendant officers, as well as the C.R. files documenting investigations into other allegations of misconduct made against those officers." (*Id.*)  The Defendants refused to produce any of these documents without the court's entry of a protective order governing their dissemination, and the parties have been unable to agree on the terms of such a protective order. (*Id*. at 2-3).

As such, presently before this Court is Plaintiff's Motion to Compel and Defendants' Joint Motion for Entry of a Protective Order.  Plaintiff has moved to compel Defendants to produce the requested CR files "on an 'attorneys' eyes only' basis until such time as the disagreements about a protective [order] are resolved by this [C]ourt."[2]  (Pl.'s Mot. to Compel at 3.)  In response to Plaintiff's motion to compel, the Defendants have moved for entry of a protective order that, *inter alia*, prohibits the public dissemination of police disciplinary records, including CR files; personnel files; and the personal, financial, or family information of police officers.  (Defs.' Joint Resp. to Pl.'s Mot. to Compel and Mem. in Supp. of a Protective Order at Ex. A.)  In response to Defendants' motion for entry of a protective order, Plaintiff argues that CR files are public documents and their dissemination should be allowed provided that (1) Defendants are provided with fourteen days' notice of the disclosure and the proposed recipient, and (2) identifying information of police officers, complainants, and witnesses is removed before such dissemination.  (Pl.'s Resp. to Mot. for Entry of Protective Order at 2.)  Both parties have submitted proposed protective orders reflecting their positions.

---

[2]During oral argument on Plaintiff's motion to compel on August 17, 2006, this Court ordered that the Defendants produce the requested CR files to the Plaintiff on an "attorneys' eyes only" basis, with personal, non-relevant identifying information of police officers being redacted before production.  Accordingly, Plaintiff's motion to compel is now moot.

## II. DISCUSSION

Under Fed. R. Civ. P. 26(c), a district court may, for good cause shown, enter a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." In determining whether good cause exists, a court balances the harm to the party seeking the protective order and the importance of disclosure to the public. *Wiggins v. Burge*, 173 F.R.D. 226, 229 (N.D.Ill. 1997). As set forth below, for purposes of pretrial discovery in this litigation, good cause exists to prohibit the public dissemination of disciplinary records of police officers, including CR files; personnel records; identifying information of complainants, witnesses, and police officers; and the personal, family, and financial information of police officers.

### 1. Plaintiff's Proposed Protective Order

Plaintiff argues that CR files are public documents; as such, Plaintiff argues that "[n]o good cause exists, after the redaction of personal information about officers and identity of complainants, to censor" CR files and prevent their dissemination under a protective order. (Pl.'s Resp. to Mot. for Entry of Protective Order at 1-2.) Plaintiff's "argument that the public has a strong interest in overseeing its police officers' behavior by examining complaints against officers and examining the police department response to those complaints is no doubt correct." *Coffie v. City of Chicago, et al.*, 2006 WL 1069132, at *3 (N.D.Ill. April 21, 2006) (*See* Pl.'s Resp. to Mot. for Entry of Protective Order at 5-12.) However, "[i]t does not necessarily follow" that a plaintiff who has filed a civil rights lawsuit against a city and its police officers "has an unrestrained right to disseminate information that has been obtained through pretrial discovery." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 31 (1984). The general public has a common-law and First Amendment right of access to court proceedings and documents, with neither right

3

being absolute. *Grove Fresh Distributors, Inc. v. Everfresh Juice Co.*, 24 F.3d 893, 897 (7th Cir. 1994). The common-law right is the more general of the two and "establishes that court files and documents should be open to the public unless the court finds that its records are being used for improper purposes." *Id.* On the other hand, the "First Amendment presumes that there is a right of access to proceedings and documents which have historically been open to the public and where the disclosure of which would serve a significant role in the functioning of the process in question." *Id.* (citations omitted).

In this case, the general public lacks both a common-law and First Amendment right of access to CR files. First, the general public lacks a common-law right of access to CR files because they are not court documents, as they have not been filed with the court. Second, the general public lacks a First Amendment right of access to CR files. Pretrial discovery has not been traditionally open to the public. "Discovery rarely takes place in public" and "restraints placed on discovered, but not yet admitted, information are not a restriction on a traditionally public source of information." *Seattle Times,* 467 U.S. at 33. As such, when a "protective order is entered on a showing of good cause as required by Rule 26(c), is limited to the context of pretrial civil discovery, and does not restrict the dissemination of the information if gained from other sources, it does not offend the First Amendment." *Id.* at 37.

Therefore, the Court concludes that the general public lacks a common-law and First Amendment right of access to CR files. As such, the Court will not enter Plaintiff's proposed protective order that declares that "[t]his Court finds that the Complaint Register ("C.R.") files are public documents" and may be disseminated publicly provided that (1) Defendants are given fourteen days' notice of the disclosure and the proposed recipient, and (2) identifying information of police officers, complainants, and witnesses is removed before such

dissemination.  (Pl.'s Resp. to Mot. for Entry of Protective Order at Ex. A.)

## 2.     Defendants' Proposed Protective Order

Defendants do not dispute that Plaintiff has a right to receive the discovery he has requested; Defendants assert privacy interests in the disciplinary records of police officers, including CR files; personnel records; identifying information of complainants, witnesses, and police officers; and the personal, family, and financial information of police officers.  (Defs.' Joint Resp. to Pl.'s Motion to Compel and Mem. in Supp. of a Protective Order at Ex. A.) Additionally, Defendants maintain that evidence exists demonstrating "that the non-restricted public disclosure" of this information "even with limited redactions[,] has overwhelming negative and often dangerous implications . . . to the protection of innocent third party witnesses whose statements are contained in the Complaint Registers, and to the protection of the officers themselves." (*Id*. at 4 n.3.)

In balancing the public's interest in disclosure of the documents at issue against the interest in non-disclosure, the "court has discretion to decide when a protective order is appropriate and what degree of protection is required."  *Wiggins*, 173 F.R.D. at  229 (citing *Seattle Times,* 467 U.S. at 36).  And, the Court is mindful that the public's interest in disclosure of this pretrial material is limited.  *Seattle Times*, 467 U.S. at 33.

> Pretrial discovery of police records must be conducted in a manner which will not threaten police operations:  The members of a police department must be able to rely upon their confidential records and notations being preserved for their internal use in *all* cases, for if it were otherwise, the knowledge that some of the confidential information recorded might be later exposed to outside parties would have a certain and chilling effect upon the internal use of such record making.

 *O'Leary v. Village of Elmhurst*, 1989 WL 18333, at *6 (N.D.Ill. March 2, 1989) (citations omitted).  In *O'Leary*, the plaintiff filed a civil rights action against the Village of Elmhurst and

5

individual police officers. The Plaintiff sought a protective order allowing him to disseminate police officers' personnel records to the press. The court held that:

> Since plaintiff and his counsel have access to the information for use in this litigation, we fail to see what interest requires that plaintiff be given the right to share information from these officers' personnel files with the press. Should the trial judge determine that any of this information is relevant and otherwise admissible, it will become part of the trial record. The trial will be public.

*Id.*; *see Coffie*, 2006 WL 1069132, at *3 (concluding that "as a general principle, that plaintiff's counsel in civil rights cases may [not] disseminate unfiled police officer disciplinary information produced during discovery without restriction or limitation").

Similarly, in this case, there is no dispute that Plaintiff and his counsel have a right of access to the documents at issue. The only issue is whether this Court should enter a protective order that allows the Plaintiff to disseminate this information to third parties during pretrial discovery. If this matter proceeds to trial, the trial will be public, and the trial court will determine whether any information designated as "confidential matter" under the terms of a protective order should become part of the public record. Therefore, while the Plaintiff has asserted that the public has a strong interest in the workings of its police department, on balance, the Defendants have shown that given the implications to privacy interests and to the protection of police officers and non-party witnesses, sufficient reasons exist to shield this information during pretrial discovery until the trial court deems otherwise.[3] The Court concludes that the proposed protective order submitted by the Defendants is consistent with the opinions expressed in this order, with one modification: the first sentence of ¶ C. 7 should be replaced with the

---

[3] Authority exists in this district allowing the public dissemination of files generated during an internal police department investigation of allegations of police misconduct after the case has been resolved. *See Doe v. Marsalis*, 202 F.R.D. 233 (N.D.Ill. 2001); *Wiggins v. Burge*, 173 F.R.D. 226 (N.D.Ill. 1997). Nothing in this order should be viewed as precluding such a request upon the resolution of this matter.

following:

> The discovering party of this litigation or any interested member of the public may petition the Court for a determination that any matter designated as "Confidential" by the responding party of this litigation does not contain confidential information under the provisions of this Protective Order, or that in certain circumstances information designated as "Confidential" should be released from the provisions of this Protective Order.

The Defendants are directed to submit a revised proposed protective order, incorporating this modification, within three days of the entry of this order.

### III.  CONCLUSION

Defendants' Motion for Entry of a Protective Order [Doc. No. 54] is GRANTED. Plaintiff's Motion to Compel [Doc. No. 45] is DENIED as moot.

**SO ORDERED.**                                **ENTERED:**

**Dated: November 01, 2006**

*[signature: Maria Valdez]*
_____
**HON. MARIA VALDEZ**
**United States Magistrate Judge**